# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| MARION'S CLEANERS, L.L.C. | CIVIL ACTION |
| VERSUS | NO: 11-2376 |
| NATIONAL FIRE AND INDEMNITY EXCHANGE | SECTION: "S" (1) |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Stay of Proceedings (Doc. #13) is **GRANTED**.

**IT IS FURTHER ORDERED** that matter is **STAYED AND ADMINISTRATIVELY CLOSED** pending the Supreme Court of Louisiana's final disposition regarding the writs of *certiorari* filed in Duckworth v. Louisiana Farm Bureau Mut. Ins. Co., - - - So.3d - - -, 2011 WL 5903854 (La. Ct. App. 11/23/11) (La. Writ No. 2011-C-2835), and Beardon v. Louisiana Citizens Prop. Ins. Corp., 2011-CA-1319 (La. Ct. App. 11/2/11) (La. Writ No. 2011-C-2654). Any party may seek to re-open this matter by filing a written motion within 30 days of the Supreme Court of Louisiana's final judgment regarding the issues presented in the writs of *certiorari* filed in both Duckworth and Beardon.

## BACKGROUND

Plaintiff, Marion's Cleaners, L.L.C., alleges that it sustained damages on August 29, 2005, as a result of Hurricane Katrina. On August 9, 2011, it filed this action against its insurer, defendant National Fire and Indemnity Exchange, in the Twenty-Fourth Judicial District Court, Parish of Jefferson, State of Louisiana, alleging that National breached the insurance contract by failing to

properly adjust its claims. National removed the action to this court. Thereafter, National filed a motion for judgment on the pleadings arguing that plaintiff's claims are prescribed. Plaintiff contends that the prescriptive period was tolled because it was a member of a putative class action against National regarding Hurricane Katrina damages, and it opted out of the class by filing its own suit.

## ANALYSIS

In Duckworth, the Louisiana Court of Appeal, Fourth Circuit consolidated two similar cases for the purposes of the appeals, and sustained both trial courts' decisions sustaining exceptions of prescription. In those cases, the plaintiffs were class members in putative class actions against their insurers regarding to Hurricane Katrina damage. The plaintiffs opted out of the class actions by filing their own suits before the classes were certified. The plaintiffs argued that prescription was tolled due to the putative class actions. The Louisiana Court of Appeal, Fourth Circuit found that the plaintiffs could not rely on the putative class actions to toll prescription because they filed their individual suits before the class certification process was completed.

Conversely, in Beardon, the Louisiana Court of Appeal, Fourth Circuit denied a supervisory writ in which the defendant insurance company appealed the trial court's failing to find that the plaintiff forfeited the suspension of prescription by failing her individual suit before the class certification decision in the putative class action of which she purported to be a member.

Writs of *certiorari* were filed with the Supreme Court of Louisiana in both Duckworth and Beardon. Plaintiff filed a motion to stay this case pending the Supreme Court of Louisiana's decisions regarding those writs of *certiorari*. Staying this case pending the outcome of the writs of

2

*certiorari* in Duckworth and Beardon would allow the Supreme Court of Louisiana to decide the Louisiana state law prescription issue, and promote continuity among decisions. Therefore, plaintiff's motion to stay is GRANTED, and this matter is hereby STAYED and ADMINISTRATIVELY CLOSED pending the Supreme Court of Louisiana's decisions on the writs of *certiorari* in both Duckworth and Beardon.

New Orleans, Louisiana, this 13th day of February, 2012.

**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**